# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

ZACHARY ALFORD,

    Plaintiff,

-vs-                              CASE NO.:

TRANS UNION LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ZACHARY ALFORD (hereinafter "Plaintiff"), sues Defendant, TRANS UNION LLC ("Trans Union"), in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures

designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Winnebago County in the State of Illinois. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

9. Upon information and belief, Trans Union is a corporation incorporated under the State of Illinois, whose principal address is 555 West Adams, Chicago, Illinois 60661.

10. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

11. Under information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. On or about July of 2022, Plaintiff was a victim of burglary and his vehicle was broken into. His driver's license, social security card and vehicle leasing contract were all stolen. Subsequently, Plaintiff filed a police report with the Jamesville Police Department in Jamesville, Wisconsin (Report #JV2236128).

13. On or about October of 2022, Plaintiff received a letter in the mail from Security Finance stating that he was behind on his payments for the loan.

14. Plaintiff does not have an account with Security Finance, nor has Plaintiff ever applied (or given permission for someone to apply) for an account with them. In complete shock, Plaintiff drove from his town, Machesney Park,

Illinois to Janesville, Wisconsin to speak with a representative of Security Finance Corporation. The representative informed him that the loan in question was taken out using his stolen driver's license and the truck leasing contract.

15. On November 2, 2022, Plaintiff filed a second police report with the Winnebago County Sheriff's Office, Wisconsin (Case # MP22-007688).

16. After obtaining such letter and concerned he was a victim of identity theft, Plaintiff obtained a copy of his Trans Union credit report dated November 25, 2022. Upon Plaintiff's review he became aware of the Security Finance Corporation partial account number ending in 4281 being reported on his credit report. The said account was listed with a balance of $800 and pay status of "Account 30 Days Past Due Date". Such balance and pay status negatively affected his credit score.

17. In response to the inaccurate reporting on December 15, 2023, Plaintiff mailed a detailed dispute letter to Trans Union. Plaintiff made the Defendant aware that the Security Finance Corporation partial account number ending in 4281 was a result of identity theft. Plaintiff included an image of his driver's license to confirm his identity. Plaintiff also included images of his Trans Union report with the Security Finance account was reporting, and an image of the Winnebago County Sheriff's Office business card that contained his report number.

4

18. Plaintiff mailed his detailed dispute letter to Trans Union via USPS Certified Mail 70221670000196948385.

19. On December 21, 2022, in response to Plaintiff's dispute letter, Trans Union responded by informing Plaintiff that they received the identity theft block request and that the request was "missing essential personal identifying information…".

20. Plaintiff was upset that Trans Union did not acknowledge his dispute regarding the Security Finance Corporation partial account number ending in 4281.

21. One January 13, 2023, Plaintiff obtained a copy of his Trans Union credit report. Upon Plaintiff's review, Trans Union continued to report the disputed Security Finance Corporation partial account number ending in 4281 despite being notified by Plaintiff this account was opened due to being a victim of identity theft.

22. In response for the continued erroneous reporting, Plaintiff mailed another dispute letter to Trans Union on January 27, 2023. Again, Plaintiff explained that the Security Finance Corporation partial account number ending in 4281 was a result of identity theft. Plaintiff included an image of his driver's license to confirm his identity. Plaintiff also included images of his Trans Union report with the Security Finance account was reporting, and an image of the Winnebago County Sheriff's Office business card that contained his report number.

Additionally, Plaintiff included images of the filed Federal Trades Commission Identity Theft Report.

23. Plaintiff mailed his detailed dispute letter via USPS Certified Mail 70221670000196964293.

24. On February 2, 2023, Trans Union responded to Plaintiff's disputed Security Finance Corporation partial account number ending in 4281 by stating, "The disputed item(s) was removed from your credit report."

25. Inconceivably, on February 16, 2023, Plaintiff obtained additional dispute results from Trans Union. In this response, the Defendant responded to Plaintiff's dispute Security Finance Corporation partial account number ending in 4281 by stating, "This previous deleted item(s) has been verified; therefore, it has been added back to your credit report."

26. Baffled, Plaintiff obtained a copy of his Trans Union credit report on February 22, 2023. Upon Plaintiff's review Trans Union continued to report the Security Finance Corporation partial account number ending in 4281 with a balance of $949 and an account pay status of "Account 120 Days Past Due Date".

27. In response to the reinsertion and continued erroneous reporting, Plaintiff mailed Trans Union again on February 27, 2023. In the dispute letter, Plaintiff reiterated that the Security Finance Corporation partial account number ending in 4281 was a result of being a victim of identity theft. Plaintiff again

6

provided Trans Union with an image of his driver's license to confirm his identity. Plaintiff also included images of his Trans Union report with the Security Finance account was reporting, and an image of the Winnebago County Sheriff's Office business card that contained his report number. Additionally, Plaintiff included images of the filed Federal Trades Commission Identity Theft Report.

28. Plaintiff mailed his detailed dispute letter via USPS Certified Mail 70222410000062710761.

29. On March 9, 2023, Trans Union responded to Plaintiff's disputed the Security Finance Corporation partial account number ending in 4281 by stating, "the disputed item(s) was removed from your credit report."

30. Concerned that Trans Union would reinsert the Security Finance Corporation partial account number ending in 4281, Plaintiff obtained a copy of his Trans Union credit report. To Plaintiff's relief, Trans Union no longer was reporting the erroneous account.

31. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

      i. Monies lost by attempting to fix his credit;

      ii. Loss of time attempting to cure the errors;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

    iv. Reduction in credit score;

    v. Apprehensiveness to apply for credit such as an auto loan refinance, due to the fear of rejection.

**COUNT I**
**Violations of the Fair Credit Reporting Act as to Trans Union, LLC**

32. Plaintiffs re-alleges and reincorporate paragraphs one through thirty-one above.

33. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiffs. Trans Union allowed for Security Finance to report inaccurate information on an account. Trans Union prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

34. Trans Union did correctly delete the Security Finance account in response to a dispute, but Trans Union's policies and procedures allowed for the account to be reinserted less than a month later.

35. As a result of this conduct, action and inaction of Trans Union, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and fear of applying for credit.

36. Trans Union's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent entitling Plaintiffs to recover actual damages under 15 USC § 1681o.

37. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff respectfully requests that this Court award statutory, actual and punitive damages against Trans Union, to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

## COUNT II
**Violation of 15 U.S.C § 1681i- As to Defendant, Trans Union LLC**

38. Plaintiffs re-alleges and reincorporate paragraphs one through thirty-one above.

39. Trans Union violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracy, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and by relying upon verification from a source it has to know is unreliable.

40. Trans Union's conduct, action, and inaction as willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, if Trans Union was negligent, Plaintiff is entitled to recover under 15 USC § 1681o.

41. Trans Union took no independent action to investigate the dispute. Trans Union received all the necessary proof from Plaintiff but chose to simply transfer any duty to investigate to Security Finance.

42. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE the Plaintiff demands judgment and compensatory, statutory, and punitive damages against Defendant, Trans Union, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendant; for his attorneys' fees and costs; for prejudgment and post-judgment interest at the judgment rate; specific performance and injunctive relief; and such other relief the Court deems just and proper.

DATED this 30th day of March 2023.

Respectfully submitted,

**/s/Octavio Gomez**
Octavio "Tav" Gomez
Florida Bar #:0338620
Georgia Bar #: 617963
Pennsylvania #: 325066
The Consumer Lawyers PLLC
412 E. Madison St, Ste 916
Tampa, FL 33602
Cell: (813)299-8537
Facsimile: (844)951-3933
Primary Email:
Tav@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*

**Taylor L. Kosla**

11

                (IL Bar No. 6327180)
                Taylor L. Kosla
                Agruss Law Firm, LLC
                4809 N. Ravenswood Ave,
                Suite 419
                Chicago, IL 60640
                Tel: (312) 224-4695
                taylor@agrusslawfirm.com
                *Attorney for Plaintiff*